

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

AUG - 5 2013

CLERK, U.S. DISTRICT COURT
By _____
Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | NO. 4:13-CV-458-A |
| | § | (NO. 4:10-CR-181-A) |
| FREDERICK ODHIAMBO OPIYO | § | |
| | § | |

MEMORANDUM OPINION
and
ORDER

Came on to be considered the motion of Frederick Odhiambo Opiyo ("movant") pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. Having reviewed the motion, the record, the government's response, movant's reply, and applicable legal authorities, the court concludes that the motion lacks merit and should be denied.

I.

Background

Movant was convicted of possessing false identification documents in violation of 18 U.S.C. § 1028(a)(3), and was sentenced on January 20, 2009, in the Eastern District of Michigan to 21 months imprisonment and a two-year term of supervised release. Movant began his supervised release on November 20, 2009, and transfer jurisdiction over movant's supervised release was accepted by this court on October 14,

2010.   Movant violated various terms and conditions of his
supervised release, which resulted in this court's revocation of
the term of supervised release and a sentence of 24 months
imprisonment, to run consecutive to movant's sentence in Case No.
4:10-CR-168-A.   Movant appealed the judgment of revocation and
sentence, but his attorney moved for leave to withdraw under
Anders v. California, 386 U.S. 738 (1967), contending that there
were no nonfrivolous issues for appellate review.   United States
v. Opiyo, 471 F. App'x 300 (5th Cir. 2012).   The Fifth Circuit
noted that the record was insufficiently developed to allow
consideration of movant's ineffective assistance of counsel
claims, but agreed with movant's attorney that the substantive
issues raised by movant lacked merit and dismissed the appeal.
Id.   Certiorari review was denied on October 9, 2012.   Opiyo v.
United States, 133 S. Ct. 461 (2012).   Movant timely filed his §
2255 motion on June 5, 2013.

## II.

### Grounds of the Motion

Movant identified three grounds for relief in his motion:
(1) his revocation and resulting sentence were obtained by the
use of evidence obtained through an unreasonable search and
seizure; (2) his revocation and resulting sentence were obtained

2

by the failure of prosecutors to disclose evidence favorable to

him; and (3) he was denied effective assistance of counsel during

revocation proceedings.  Mot. at 7.

III.

Analysis

A.   Legal Standard for 28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to

appeal, courts are entitled to presume that a defendant stands

fairly and finally convicted.  United States v. Frady, 456 U.S.

152, 164 (1982); United States v. Shaid, 937 F.2d 228, 231-32

(5th Cir. 1991), cert. denied, 502 U.S. 1076 (1992).  A defendant

can challenge her conviction or sentence after it is presumed

final on issues of constitutional or jurisdictional magnitude

only, and may not raise an issue for the first time on collateral

review without showing both "cause" for her procedural default

and "actual prejudice" resulting from the errors.  Shaid, 937

F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial

errors.  It is reserved for transgressions of constitutional

rights and other narrow injuries that could not have been raised

on direct appeal and would, if condoned, result in a complete

miscarriage of justice.  United States v. Capua, 656 F.2d 1033,

1037 (5th Cir. Unit A Sept. 1981).  In other words, a writ of

3

habeas corpus will not be allowed to do service for an appeal. Davis v. United States, 417 U.S. 333, 345 (1974). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." Moore v. United States, 598 F.2d 439, 441 (5th Cir. 1979) (citing Buckelew v. United States, 575 F.2d 515, 517-18 (5th Cir. 1978)).

B.   None of Movant's Claims Has Merit

    1.   Movant's Search and Seizure Claim

Movant contends that the revocation of his supervised release was obtained in part through an unconstitutional search of his apartment; however, movant raised this issue in his direct appeal, and the Fifth Circuit determined that his argument was frivolous. United States v. Opiyo, No. 11-10278, 471 F. App'x at 300-01; Appellant's Pro Se Response, at 5, 12. Therefore, this claim is not cognizable in movant's § 2255 proceedings, and should be dismissed.

    2.   Movant's Claim that the Government Suppressed or
       Withheld Evidence

Movant next contends that the government "knowingly failed to disclose perjured testimony from [its] key witnesses" and suppressed material evidence favorable to him. Reply at 7. Like movant's above-described unconstitutional search claim, movant

raised this claim on direct appeal, and the Fifth Circuit determined that the claim was frivolous. Opiyo, No. 11-10278, 471 F. App'x at 300-01; Appellant's Pro Se Response, at 5, 8-11. Therefore, this claim also is not cognizable in movant's § 2255 proceedings, and should be dismissed.

    3.   <u>Ineffective Assistance of Counsel</u>

    To prevail on an ineffective assistance of counsel claim, movant must show (1) that counsel's performance fell below an objective standard of reasonableness and (2) that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984). Both prongs of the <u>Strickland</u> test must be met to demonstrate ineffective assistance. <u>Id.</u> at 697. Further, "[a] court need not address both components of an ineffective assistance of counsel claim if the movant makes an insufficient showing on one." <u>United States v. Stewart</u>, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," <u>Harrington v. Richter</u>, 131 S. Ct. 770, 792 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." <u>Cullen v. Pinholster</u>, 131 S. Ct. 1388, 1403 (2011) (quoting <u>Strickland</u>, 466

U.S. at 686)).  Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance.  Strickland, 466 U.S. at 689.

Movant first contends that his attorney failed to cross-examine the postal inspector, who was a witness at movant's revocation hearing, about the fact that the search of movant's apartment was conducted pursuant to movant's consent, not pursuant to a search warrant as the witness testified.  Movant also faults his attorney for failing to ask the witness for a copy of the search warrant.  However, the erroneous testimony was cleared up openly in court, as the government conceded that the search was a consent search and that there was no search warrant; thus, there is no showing that the outcome of the proceedings would have been different had movant's attorney questioned the witness about the search warrant.  Further, this issue had been dismissed on appeal as frivolous, and an attorney is not deficient for failing to raise a frivolous issue.  United States v. Gibson, 55 F.3d 173, 179 (5th Cir. 1995); Smith v. Puckett, 907 F.2d 581, 585 n.6 (5th Cir. 1990) ("Counsel is not deficient for, and prejudice does not issue from, failure to raise a legally meritless claim.")

Movant next faults his attorney for failing to move to suppress evidence obtained through the search of movant's apartment.  However, the exclusionary rule generally does not apply to revocation proceedings absent a showing of police harassment, United States v. Montez, 952 F.2d 854, 857-59 (5th Cir. 1992), this issue was dismissed on appeal as frivolous, and movant's attorney is, again, not deficient for failing to raise a meritless issue.

Movant's third ineffective assistance of counsel claim is that his attorney "failed to put on a defense" after the government corrected the witness's testimony regarding a search warrant, but fails to explain what his attorney should have presented or argued in such defense, and again refers to the lack of a search warrant.  Mot. at 10.  Movant's conclusory allegations are insufficient to show that counsel was deficient. See Miller v. Johnson, 200 F.3d 274, 282 (5th Cir. 2000) ("This Court has made clear that conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding.") (citing Ross v. Estelle, 694 F.2d 1008, 1012 (5th Cir. 1983)).

Finally, movant complains that his attorney should have objected to the government's statement that the search had been conducted pursuant to movant's consent, because the statement

7

contradicted the witness's testimony regarding the search warrant. Again, movant fails to show that the objection would have had any merit, and fails to explain how the outcome of the proceedings would have been different had such an objection been made. Thus, all of movant's claims of ineffective assistance of counsel are meritless, and should be dismissed.

IV.

Order

Therefore,

The court ORDERS that the motion of Frederick Odhiambo Opiyo to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 be, and is hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the denial of a constitutional right.

SIGNED August 5, 2013.

JOHN McBRYDE
United States District Judge